# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

Civil Action No.＿＿＿＿＿ (Jury Trial Demanded)

Yes

**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
*10:14 am, Jul 06, 2026*
**JEFFREY P. COLWELL, CLERK**

James Alvin Carter, Plaintiff,

v.

El Paso County Board of County Commissioners; Sheriff Joseph Roybal, individually and in his official capacity; Lieutenant C. Klug, individually and in his official capacity; Rachel Fox, individually and in her official capacity, Defendants.

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)

## I. INTRODUCTION

1. Plaintiff James Alvin Carter brings this civil rights action pursuant to 42 U.S.C. § 1983 to redress violations of rights secured by the Fourteenth Amendment to the United States Constitution.
2. Plaintiff alleges that Defendants unlawfully detained him for approximately ninety-two (92) days beyond the date he should have been released after the sentencing court ordered concurrent sentences and awarded presentence confinement credit.
3. Despite repeated notice through inmate kites, grievances, written requests, and other communications, Defendants failed to properly calculate Plaintiff's sentence, failed to investigate the sentencing error, and failed to release Plaintiff when he was legally entitled to his freedom.
4. As a direct result of Defendants' actions and omissions, Plaintiff suffered an unconstitutional deprivation of liberty, emotional distress, humiliation, anxiety, and other damages recoverable under federal law.

## II. PARTIES

1. Plaintiff James Alvin Carter is an adult resident of El Paso County, Colorado. At all times relevant to this Complaint, Plaintiff was incarcerated at the El Paso County Criminal Justice Center.
2. Defendant El Paso County Board of County Commissioners is the governing body of El Paso County, Colorado. At all times relevant to this Complaint, the Board was responsible for establishing, implementing, funding, supervising, and maintaining policies, customs, practices, and training affecting the operation of the El Paso County Criminal Justice Center.

3. Defendant Sheriff Joseph Roybal is sued in his individual and official capacities. At all times relevant to this Complaint, Defendant Roybal was the elected Sheriff of El Paso County and was responsible for the overall operation, administration, supervision, policies, customs, and practices of the El Paso County Criminal Justice Center.

4. Defendant Lieutenant C. Klug is sued in his individual and official capacities. At all times relevant to this Complaint, Defendant Klug was employed by the El Paso County Sheriff's Office and exercised supervisory authority over matters involving inmate custody, sentence calculations, or inmate release procedures.

5. Defendant Rachel Fox is sued in her individual and official capacities. At all times relevant to this Complaint, Defendant Fox was employed by the El Paso County Sheriff's Office and participated in, reviewed, or was responsible for matters relating to Plaintiff's sentence calculation, release date, or related inmate records.

## III. JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 because this action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983.

2. Venue is proper in the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1391(b) because all events giving rise to this action occurred within El Paso County, Colorado, and all Defendants reside in or conduct official business within this judicial district.

3. At all times relevant to this Complaint, each Defendant acted under color of the statutes, customs, policies, and authority of the State of Colorado and El Paso County.

## IV. FACTUAL ALLEGATIONS

1. On March 14, 2025, Plaintiff James Alvin Carter appeared before the El Paso County District Court for sentencing in two criminal cases. The sentencing court ordered that Plaintiff's jail sentences run concurrently and awarded Plaintiff presentence confinement credit for time previously served.

2. Defendants were responsible for accurately calculating Plaintiff's sentence, applying the sentencing court's orders, including all court-awarded presentence confinement credit, and ensuring Plaintiff's timely release upon completion of his lawful sentence.

3. Plaintiff reviewed his sentence calculation and determined that his sentence had not been calculated in accordance with the sentencing court's orders. Plaintiff believed Defendants had failed to correctly apply the court-awarded presentence confinement credit and properly execute the concurrent sentences imposed by the court.

4. Plaintiff repeatedly notified jail officials that he believed his sentence had been incorrectly calculated. Plaintiff submitted inmate kites, grievances, written requests, and other communications advising Defendants that his release date was incorrect and requesting that the error be investigated and corrected.

5. Despite receiving repeated notice, Defendants failed to adequately investigate Plaintiff's

concerns or timely correct the alleged sentencing error. Plaintiff alleges that Defendants continued to enforce an incorrect release date despite being placed on notice that the sentence calculation was disputed.

6. As a result of Defendants' actions and omissions, Plaintiff remained incarcerated after the date he alleges he should have been lawfully released. Plaintiff alleges that he remained confined for approximately ninety-two (92) additional days beyond his proper release date after application of the sentencing court's concurrent sentencing order, presentence confinement credit, and all sentence reductions required by law.

7. Plaintiff's continued incarceration deprived him of his physical liberty after he alleges his sentence should have expired. Plaintiff suffered emotional distress, mental anguish, humiliation, anxiety, loss of opportunities, and other damages resulting from the alleged unlawful overdetention.

8. Plaintiff further alleges that Defendants acted under color of state law and that their actions and omissions resulted in the deprivation of Plaintiff's rights secured by the Fourteenth Amendment to the United States Constitution.

## V. COUNT I FOURTEENTH AMENDMENT – UNLAWFUL OVER-DETENTION (42 U.S.C. § 1983)

1. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

2. At all times relevant to this Complaint, Defendants Sheriff Joseph Roybal, Lieutenant C. Klug, and Rachel Fox acted under color of the laws, customs, policies, and authority of the State of Colorado and El Paso County.

3. The Fourteenth Amendment protects individuals from being deprived of liberty without due process of law.

4. Plaintiff alleges that Defendants failed to properly calculate and execute the sentence imposed by the El Paso County District Court, including the proper application of the court's concurrent sentencing order and court-awarded presentence confinement credit.

5. Plaintiff further alleges that, despite receiving repeated notice through inmate kites, grievances, written requests, and other communications that his sentence had been incorrectly calculated, Defendants failed to investigate, correct, or remedy the alleged error.

6. Plaintiff alleges that Defendants continued to detain him after the date on which he should have been lawfully released, resulting in approximately ninety-two (92) days of unlawful over-detention.

7. Plaintiff alleges that Defendants knew, or reasonably should have known, that continued incarceration beyond a lawful release date would deprive Plaintiff of his constitutional right to liberty.

8. As a direct and proximate result of Defendants' actions and omissions, Plaintiff was deprived of liberty without due process of law in violation of the Fourteenth Amendment to the United States

Constitution.

9. As a direct and proximate result of these constitutional violations, Plaintiff suffered loss of liberty, emotional distress, mental anguish, humiliation, anxiety, loss of opportunities, and other damages.

## VI. COUNT II MUNICIPAL LIABILITY (MONELL) (42 U.S.C. § 1983)

1. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.
2. Defendant El Paso County Board of County Commissioners was responsible for establishing, implementing, maintaining, funding, supervising, and enforcing policies, customs, practices, and training governing the operation of the El Paso County Criminal Justice Center.
3. Plaintiff alleges that the constitutional violations described in this Complaint were caused by one or more policies, customs, practices, failures to train, failures to supervise, or failures to implement adequate procedures regarding sentence calculations, presentence confinement credit, and inmate release.
4. Plaintiff further alleges that Defendant El Paso County Board of County Commissioners failed to adequately supervise employees responsible for calculating inmate sentences and release dates and failed to implement adequate safeguards to prevent inmates from remaining incarcerated beyond their lawful release dates.
5. Plaintiff alleges that these policies, customs, practices, or failures were a moving force behind the constitutional violations alleged herein and directly caused Plaintiff's alleged unlawful overdetention.
6. As a direct and proximate result of Defendant El Paso County Board of County Commissioners' actions and omissions, Plaintiff suffered the loss of liberty, emotional distress, mental anguish, humiliation, anxiety, loss of opportunities, and other damages.

## VII. DAMAGES

1. As a direct and proximate result of Defendants' actions and omissions, Plaintiff suffered the loss of his liberty through alleged unlawful incarceration beyond his lawful release date.
2. Plaintiff further suffered emotional distress, mental anguish, humiliation, anxiety, loss of opportunities, inconvenience, and other compensable damages.
3. Plaintiff seeks all damages available under 42 U.S.C. § 1983.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff James Alvin Carter respectfully requests that this Court enter judgment in his favor and against Defendants and award the following relief:

- Compensatory damages in the amount of Fifteen Million Dollars ($15,000,000.00), or such other

amount as the evidence at trial may support;

- Punitive damages against the individual Defendants, Sheriff Joseph Roybal, Lieutenant C. Klug, and Rachel Fox, in their individual capacities, in an amount determined by the jury and permitted by law;
- A declaration that Defendants violated Plaintiff's rights under the Fourteenth Amendment to the United States Constitution;
- Prejudgment and post-judgment interest as allowed by law;
- Costs of this action;
- Attorney's fees should Plaintiff later retain counsel and such fees become recoverable under applicable law;
- Such other and further relief as this Court deems just and proper.

## IX. JURY DEMAND

Plaintiff respectfully demands a trial by jury on all issues so triable.

## X. SIGNATURE

Dated: June 13, 2026

Respectfully submitted,

/s/ James Alvin Carter

James Alvin Carter

Plaintiff, Pro Se

7365 PowderWash Dr.

Colorado Springs, CO 80911

Telephone: (719) 7015550